**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

GEORGE MENDOZA and
RON ROWLETT,

       Plaintiffs,

v.                                                 Civ. No. 2:21cv1156 GJF

FERNANDO MACIAS et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER FOR AMENDED
COMPLAINT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

THIS MATTER comes before the Court on *pro se* Plaintiffs' Complaint for Violation of Civil Rights, Doc. 1, filed December 3, 2021 ("Complaint") and Plaintiffs' Motion for Appointment of Coun[sel], Doc. 3, filed December 3, 2021.

## I.    PLAINTIFFS' COMPLAINT

This action arises from a dispute of the ownership of Plaintiff Mendoza's home, an alleged false arrest, and the alleged theft of Plaintiff Rowlett's bond. The Complaint names the following Defendants: (i) Dona Ana County ("County"), five County officials and five County Commissioners; (ii) two judges of the Third Judicial District Court; (iii) a district attorney; (iv) a title company and two of its employees; (v) the Las Cruces Police Department, its chief of police and a detective; and (vi) Bank of America and two of its employees. The Complaint asserts claims for constitutional violations pursuant to 42 U.S.C. § 1983 and claims pursuant to state statutory and tort law. The Complaint, for the reasons that follow, fails to state claims upon which relief can be granted.

Plaintiffs fail to state with sufficient particularity what each Defendant did to each Plaintiff, when the Defendants committed the alleged actions, or how those actions harmed each Plaintiff.

For example, the Complaint alleges that several Defendants made statements but does not state what each of those Defendants did, other than make the statements, and does not explain or identify what specific legal right each Defendant violated by making those statements. *See* Complaint at 14-17, ¶¶ 6-13.  In other places, the Complaint alleges "Dona Ana County government officials" performed some act without specifying which of the County officials performed the act. *See for example* Complaint at 12, ¶¶ 1-3; at 21-23, ¶¶ 3-5.  While Fed. R. Civ. P. 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Plaintiffs must "state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

It appears that some of the claims in the Complaint may be barred by statutes of limitations because the Complaint asserts claims based on acts beginning in 2012 to the present. *See Scott v. Dona Ana County*, 2013WL4516379 (N.M.App.) ("Lawsuits seeking compensation against governmental entities and public employees for the deprivation of rights guaranteed by the New Mexico Constitution are controlled exclusively by the Tort Claims Act and its two-year statute of limitations. *See* § 41–4–17(A)"); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought ... for an injury to the person or reputation of any person, within three years"); *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the

limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").

The Complaint asserts that the Las Cruces Police Department "is responsible for violation of property rights, failure to protect, failure to intervene and failure to act due to 'state created danger'" and "caused civil rights violations."   Complaint at 18, ¶ 18; at 32.   "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."  *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)).

The Complaint asserts claims against two state-court judges and seeks monetary damages. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").  The Complaint contains no allegations that the actions of the two judges were taken in the complete absence of all jurisdiction.

The Complaint alleges that "District Attorney Mark D'Antonio ... refused to prosecute" two of the Defendants.  Complaint at 13, ¶ 4.   "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case."  *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007).

Plaintiff Mendoza asserts that he "should get his name and ONLY his name on the deed to his home."  Complaint at 30, ¶ 5.  It appears that the transfer of ownership of the home may have been the result of a state-court judgment.  *See* Complaint at 12, ¶ 12 (referring to "names on the deed" and stating "The Appeal court upheld the decision of Judge Arrieta").  It thus appears that this Court may be barred from hearing Plaintiff Mendoza's claim regarding ownership of the home by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

Plaintiffs assert that certain Defendants should be "criminally prosecuted," should pay restitution, and "serve jail time."  Complaint at 31, ¶¶ 9-10.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

The Complaint asserts "all the defendants committed real estate fraud ... and mortgage fraud but does not state with particularity for *each* Defendant the circumstances constituting fraud. Complaint at 32.  Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based...."  *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010).  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud ... and must set forth the time [and date], place, and contents

of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006).

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiffs an opportunity to amend. The Court thus grants Plaintiffs leave to file an amended complaint.

## II.   MOTION TO APPOINT COUNSEL

Plaintiff Mendoza requests that the Court appoint counsel on the grounds that he is legally blind, disabled, and elderly and suffer[s] from PTSD. Motion to Appoint Counsel at 1. Plaintiff Mendoza asserts that his case is "EXCEPTIONAL ... [because] the undisputable fact that my NAME was still on the DEED and title when my house ... was stolen out from under by [Defendants] who cared less about protecting the citizen and more about winning at all costs even if it meant breaking the law !!!" Motion to Appoint Counsel at 1.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). "Factors to be considered in deciding whether to appoint counsel [in a civil case] include the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the complexity of the legal issues raised by the claims." *Spencer v. City of Cheyenne*, 1 Fed.Appx. 863, 865 (10th Cir. 2001). When a Plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts

have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot *require* an unwilling attorney to represent an indigent litigant in a civil case, *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 296 (1989). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1).  Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.

The Court denies Plaintiff's motion to appoint counsel.  As discussed above, many of Plaintiff's claims should be dismissed for failure to state a claim or for lack of jurisdiction.  While the Court is granting Plaintiff leave to file an amended complaint, it is not clear what claims will be asserted in the amended complaint and, consequently, whether there will be sufficient merit to the claims to warrant the appointment of counsel.  Furthermore, Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.  The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (November 2019) which, on page 6, lists resources for legal representation.

## III. CONCLUSION

**IT IS ORDERED** that:

(1) Plaintiffs shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

(2) Plaintiffs' Motion for Appointment of Coun[sel], Doc. 3, filed December 3, 2021, is **DENIED**.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE