**U.S. District Court**
**District of New Mexico- Version 6.2.1 Las Cruces**
**CIVIL DOCKET FOR CASE # 2:21-cv-01156-GJF**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2021 DEC 28  AM 9: 13

CLERK-LAS CRUCES

## Plaintiff's Amended Complaint for Violation of Civil Rights

**Mendoza el al v. Macias et al**
**Assigned to:**
**Referred to:  Magistrate Judge Hon.Gregory J. Fournatt**
**Cause:  42 U.S.C. Section 1983 Civil Rights Act**

**Plaintiff**
**George Mendoza**

Represented by George J. Mendoza
1830 Baldwin Drive
Las Cruces, New Mexico
575-522-1074
*Pro Se*

**Plaintiff**
**Ron R. Rowlett**

Represented by Ron R. Rowlett
2229 Stone Pine Drive
Las Cruces, New Mexico 88012
575-323-4545
Pro Se

**V.**

**Defendant**
Fernando Macias
*County Manager Dona Ana County*

Defendant
Nelson Goodin
*County Attorney Dona Ana County*

Defendant
Leticia Duarte Benavidez
*County Assessor Dona Ana County*

1

<u>Defendant</u>
Amanda Lopez
*County Clerk Dona Ana County*

<u>Defendant</u>
Geraldo Pereira –
*Document specialist*

<u>Defendant</u>
*Dona Ana county Commissioners*
Lynn Ellis -Commissioners District 1

Diana Morello -Commissioners district 2

Shannon Reynolds -Commissioners district 3

Susanna Chaparral -Commissioners district 4

Manual Sanchez- Commissioners district 5

<u>Defendant</u>
Judge Manual Arietta
Third Judicial District Court
Las Cruces, New Mexico

<u>Defendant</u>
Judge James Martin
Third Judicial District Court
Las Cruces, New Mexico

<u>Defendant</u>
Mark DeAntonio -District attorney
Dona Ana County

<u>Defendant</u>
Dona Ana Title Company (a.k.a First American Title Company)
Shawna Blount – President, of First American Title Company
and
Sylvia Lauer –Vice President –First American Title Company

<u>Defendant</u>
Las Cruces Police Department
Patrick Gallagher, police chief LCPD
and
Detective Eric Cook -Las Cruces Police Department

Defendant
Bank of America
Brian Moynihan, CEO for Bank of America

Dominic Sullivan-Resolution Specialist Executive Mortgage Servicing Complaints
of Bank of America
Charlotte, NC 28255

**Plaintiff's Amended Complaint for Violation of Civil Rights**

## I. NATURE OF THE PROCEEDING

This COMPLAINT FOR VIOLATION OF CIVIL RIGHTS seeks review and remedy by the U.S. District Court from Plaintiffs Mr. George Mendoza and Ron Rowlett against Defendants; Dona Ana County, Las Cruces Police Department, Dona Ana Title Company and Bank of America. Mr. Mendoza has lived in his home for over forty five years and judgment by Judge Arrieta was entered against Mr. Mendoza on December 30, 2013. On January 15, 2014, Mr. Mendoza with his attorney Kelly O'Connell filed a timely notice of appeal to the New Mexico Court of Appeals and simultaneously filed a motion to reconsider at or about the same time. Mr. Mendoza's January 15, 2014, appeal was eventually dismissed because the New Mexico 3rd District Court had not rendered a decision on Mr. Mendoza's motion to reconsider. Mr. Mendoza's motion to reconsider was denied on or about January 23, 2017, with his attorney Chris Cadenas and immediately after that Mr. Mendoza timely filed another appeal. The judge (Arrieta) was well aware that Ms. Lucinda Huber was deceased on Feb. 13th 2015-(see attached Death Certificate). And Judge Arrieta was also well aware that there was a probate deed –(see attached Probate deed)--(Transfer of Death Deed-TODD) on March 26, 2015. The probate deed (TODD) was filed legally and timely at the Dona Ana County Court house which is compliant with New Mexico Law.

## II. SUMMARY OF PROCEEDINGS

This COMPLAINT FOR VIOLATION OF CIVIL RIGHTS is about fraudulently procured deeds (2014, 2017 and 2020) that was attempting to strip a disabled elderly blind man out of real property that he has called his home for over forty five years. By way of background,

Mr. George Mendoza has lived there continuously, without interruption, at 1830 Baldwin Street, Las Cruces, New Mexico, 88001 since 1974.   Mr. Mendoza never had to transfer dominion or control of the Baldwin house.   Randy and Cindy Farmer, of Genesis Builders, INC LLC were the individuals placing these deeds on Mr. Mendoza's property with the attempt to steal his equity and the supercedeas bond of $20,000 which was ordered by Judge Arrieta by Stephen Swaim (deceased) the attorney for Lucinda Huber on November of 2014 and this was a violation of New Mexico State Statutes regarding SUPERCEDEAS BONDS or APPEALANT BONDS which have to be ordered within a 30-60 day time frame after a judgement by the court. It is evident that Mr. Mendoza's property rights were being violated multiple times and none of the named defendants of Dona Ana County were willing to take any action to stop the violations of civil rights even when they were informed.

## I.   COUNTS

### A.   Order to Vacate, (Violation of the 14th Amendment)

The Third Judicial District court committed a grave constitutional error in violating the 5th and 14th Amendments to the U.S.  Constitution and New Mexico Statue section 40-13-1 through 5 by depriving Mr. Mendoza of his property without due process when he was illegally vacated under court order on or around June 29, 2012, by then Judge Nelson Goodin, when he was the only occupant in the home. This vacate order was committed under color of law when the law enforcement refused and denied Mr. George Mendoza the legal right to stay on his property.

14TH Amendment to the U.S. Constitution, Section 1.

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce

any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state DEPRIVE any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

2011 New Mexico Statutes

Section 40-13-5: Order of protection; contents; remedies; title to property not affected; mutual order of protection.

An order of protection is a form of restraining order that directs the abuser (who is called the restrained party) to refrain from further abuse of, or contact with, the victim (who is called the protected party). Depending on the circumstances, the order of protection may also prevent the restrained party from having any contact with other members of the protected party's household, including their children.

If the PARTIES SHARE A HOUSEHOLD, then the order of protection may include provisions to allow the restrained party to retrieve property from the shared residence with supervision by law enforcement. An order to vacate will often order the defendant to surrender keys and authorize the protected party to change the locks in order to prevent the restrained party from re-entering the home or damaging any property within the home. The court may also order the restrained party not to do anything else to interfere with the protected party's residence in the home like shutting off the utilities or discontinuing mail service.

The Las Cruces Police Department (LCPD) committed a grave constitutional error in violating the 8th Amendment to the U.S. Constitution by depriving Mr. Mendoza, under no fault of his own, to be homeless until a court hearing was scheduled on or around September 6th of 2012 when the court allow Mr. Mendoza back into his home. He had no access to any

accommodations for his visual impairment or to any of his medications while homeless. It is cruel and unusual punishment to vacate a disabled, elderly and blind person from their home when they have the deed, life estate and color of title to the home since 1991.

The Eighth Amendment (Amendment VIII) of the United States Constitution prohibits the federal government from imposing excessive bail, excessive fines, or cruel and unusual punishments. The U.S. Supreme Court has ruled that this amendment's Cruel and Unusual Punishment Clause also applies to all states.

### B.    Adverse Possession

Mr. Mendoza was denied and deprived of the privilege to claim adverse possession based on New Mexico law by Judge Arrieta.  Mr. Mendoza fit all the qualified requirements of Adverse Possession based on Universal Citation: NM Stat § 37-1-22

### C. Extortion

Extortion for rent was ordered during the court hearing on or around September 6th 2012, when Mr. Mendoza was vacated and made homeless. Mr. Mendoza had to agree and accept to pay $500.00/month in order for him to occupy his home. This was NOT a rental and no rental agreement was ever generated. Upon his return to his home, he discovered his locks were intentionally changed, which is another violation of the court under New Mexico Statutes. On or around December 15th 2014, the Third District Court allowed a $20,000 bond to be placed on the property of Mr. Mendoza. The threat was if there was no bond, the property will be put on the market for sale and Mr. Mendoza was to be evicted immediately. This was 11 months AFTER

the appeal was filed in a timely manner to the New Mexico Court of Appeals in January of 2014. Mr. Pickett sent an email to Mr. Mendoza demanding he write a check for $60,000 otherwise he could lose the house and the bond if he were to lose the appeal. This is another act of extortion which falls under color of authority since these recommendations were being requested in the Third District Court of New Mexico under Judge Arrieta. This can also be argued that the 8th Amendment to the U.S. Constitution was violated since this was an excessive bond and Mr. Mendoza had NO financial ability to pay for this bond and it exceeded 110% of his annual fixed income at that time.

Cause of action -Mr. Fernando Macias

January 22, 2021

1.    I am writing in response to your email of January 20, 2021.  Your email was totally inadequate.  I do not need to hear your insincere apologies in declining my valid request and I certainly do not need to have you wishing me "good luck". What I need is for you to make a decision, based on substantial evidence and admissible facts, in regard to this very serious matter and to not just pass it on.

2.    I have lived in my family home at 1830 Baldwin Drive, Las Cruces, NM 88001 for over 40 years.  The home has been mortgage free for many years until just recently.  My mother, Lucinda Huber, initially purchased the home by Warranty Deed dated September 27, 1974.

3.      I have been legally blind since the age of 15 but that has not stopped me from being a productive member of society and this community. I am an accomplished author and artist and currently there is even the very real prospect of a movie being made about my life and I also have a series of novels that I am writing that will be published in the coming year…So I would like to get these matters resolved in regard my family home, so I can get on with my creative professional endeavors.

4.      My mother, Lucinda Huber, passed away on February 13, 2015. I was appointed Personal Representative of the Estate and I handled all of the paperwork in regard to her Estate, which included the subject property. I legally performed all of the appropriate actions required of me in this capacity. As the properly appointed Personal Representative of the Estate I conveyed the subject property by executing the appropriate Personal Representative Deed. All necessary documents were recorded.

5.      Subsequently an ILLEGAL Quitclaim Deed, dated June 1, 2017, pertaining to the subject property, which was my family home for upwards of 40 years, was entered into by Randy and Cindy Farmer, LLC to Linda Joyce Brooks as Personal Representative of the Estate of Lucinda Huber, my Mother, even though I had already been appointed Personal Representative on March 26, 2015…This

Quitclaim Deed was only signed by Randy Farmer, and it did not state any legal capacity or include the signature of Cindy Farmer.

6.      The above ILLEGAL Quitclaim Deed involving Randy Farmer was only a Quitclaim Deed and was entered into by him and his wife, as Randy and Cindy Farmer, LLC, in an attempt to shield them from any liability, which implies that they were not warranting that they owned anything.

7.      Subsequently, in Third District Court proceedings Judges rendered decisions that never addressed the fact that I had been granted a Personal  Representative Deed prior to the above Quitclaim Deed being entered into involving the Farmers. In addition, in the Court proceedings I was representing myself as a *pro se* litigant and was given no consideration for the fact that I was legally blind…No facts or substantial evidence were ever presented that addressed the fact that I had been conveyed the Personal Representative Deed for the subject property.

8.      You (Mr. Macias) mention that I should follow Judge Arrieta's decision and Court Order.  In this decision and Court Order, Judge Arrieta did not cite any substantial evidence and admissible facts that would support his decision, as this appears to be his procedural habits.  A leading New Mexico Supreme Court case has overturned Judge Arrieta's decision before when our New Mexico Supreme Court reversed a decision that was initially against a homeowner in the landmark case of *Deutsche Bank v. Johnston* (2016)   Deutsche Bank had failed to state a

cause of action by just simply following the Constitutional requirements of supporting their action with substantial evidence and admissible facts.  Over the years Deutsche Bank has been fined hundreds of millions of dollars for their egregious actions.  So it is not surprising that Judge Arrieta is continuing to make rulings not based on substantial evidence and admissible facts.

9.      I have also filed a civil action with Dona Ana County, under the New Mexico Tort Claims Act & Immunities, the sovereign immunity enjoyed by the State of New Mexico and its government subdivisions was ABOLISHED by the New Mexico Supreme Court in 1975.  The legislature responded by enacting the Tort Claims Act, NMSA 1978 sections 31-4-1-4 through 41-4-29.  I have filed this Tort Claims Action against Dona Ana County for their Negligent performance of their duties in regard to these matters.

10.     In addition, I am shown as the "Payor" on the Property Tax Bills sent to me by the Dona Ana County Treasurer's office, Eric L. Rodriquez, Treasurer.  Linda J. Brooks has never paid any Property Taxes on the subject property and needless to say, neither have the Farmers…

11.     The only reason Linda J. Brooks is named on the Tax Bill as Personal Representative is because she was incorrectly named, as that, in the Court Order filed on June 18, 2018 by Judge James T. Martin of the Third District Court.  This Order was issued three (3) years after I was already named as Personal

Representative.

12.    Mark L. Pickett of the PICKETT LAW FIRM of Las Cruces, threatened to

evict me from my own family home, if I did not pay him $80,000, as he represents

Randy Farmer who entered into the Quitclaim Deed referred to above.

13.    Recently, my daughter, Maria Mendoza, who is an attorney in Washington

D.C., and her boyfriend, Chino Dominguez, have taken out a Mortgage with Bank

of America for $60,000, to purchase the subject property and he has received a

Warranty Deed.  This Mortgage was in addition to an already $20,000 deposited

with the Third District Court, that was paid on my behalf , as a Bond, for a court

proceeding.  The Bond, plus interest, was eventually released to Randy Farmer!!

14.    The Farmers have blatantly committed Fraud, Forgery, Mortgage fraud and

Larceny which are all Second Degree Felonies under New Mexico criminal

statutes, resulting in substantial fines and prison time.

15.    The Farmers should have never been allowed to claim an interest in my

family home and eventually force my daughter and her boyfriend to pay them a

total of over $60,000, in addition to the $20,000 Bond being released to Randy

Farmer, in order to buy back my family home.

16.    I have suffered greatly through this entire ordeal with PTSD, emotional

distress, anxiety, undue mental anguish and unnecessary harassment from County

officials who have been Negligent in the performance of their duties.

17.   The Warranty Deed to my daughter's boyfriend, in regard to the subject property, should be quieted and the Mortgage held by Bank of America, which is now a burden on my family home, should be expunged from the records, and I should be compensated for the substantial damages that I have suffered throughout this whole ordeal

CONCLUSION; Mr. Macias I expect to hear from you soon in regard to this matter and because of the seriousness of this matter I demand that you provide me with the substantial facts and admissible evidence that will support your decision, and if you do not have that information, then I expect you to pursue this matter to the fullest extent possible and get to the bottom of this and render the proper decision, that is based on substantial evidence and admissible material facts.

As a County Manager, it is your responsibly to protect the citizen. It is your duty and obligation whether professional or moral that you report my complaint to the County Attorney and District Attorney and have Randy and Cindy Farmer arrested for 2nd degree felonies. Failing to do so will show that you are negligent and your failure to act will show malicious intent to allow criminals to steal my property. Failure to act will result in a violation of my property rights, homestead rights, violation of the 14th Amendment section II and victim rights.



# Las Cruces Police Department
## Summary



| | | |
|---|---|---|
| **Print Date/Time:** | 12/02/2019 11:29 | |
| **Login ID:** | records | |
| **Case Number:** | 2019-00121167 | |

**ORI Number:**

Las Cruces Police Dept
NM0070100

## Case

| | | | | |
|---|---|---|---|---|
| **Case Number:** | 2019-00121167 | | **Incident Type:** | Fraud |
| **Location:** | 217 E PICACHO AVE | | **Occurred From:** | 11/18/2019 08:40 |
| | LAS CRUCES, NM 88001 | | **Occurred Thru:** | 11/18/2019 08:40 |
| **Reporting Officer ID:** | L904 - JACKSON | | **Disposition:** | Active |
| | | | **Disposition Date:** | 11/27/2019 |
| | | | **Reported Date:** | 11/18/2019 08:40 Monday |

## Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 26A | 30-16-6F | FRAUD OVER $20,000 | 1 |

## Subjects

| Type | No. Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|
| Business | 1  GENESIS BUILDERS | 7840 WATERFALL CANYON LN | (575)649-4176 | | | |
| | | LAS ALTURAS, NM 88011 | | | | |
| Suspect | 1  FARMER, RANDY | 1010 CALLE DE EL PASO | | Unknown | Male | |
| | | MESILLA, NM 88005 | | | | |
| Victim | 1  MENDOZA, GEORGE | 1830 BALDWIN DR | (575)522-1074 | White | Male | |
| | | LAS CRUCES, NM 88001 | | | | |

## Arrests

| Arrest No. | Name | Address | Date/Time | Type | Age |
|---|---|---|---|---|---|

## Property

| Date | Code | Type | Make | Model | Description | Tag No. Item No. |
|---|---|---|---|---|---|---|

## Vehicles

| No. Role | Vehicle Type | Year Make | Model | Color | License Plate State |
|---|---|---|---|---|---|

**Routing:**



**OfficerID: L0017, Narrative**

NARRATIVE: OFFICER TYREL JACKSON (L904)

ON NOVEMBER 18, 2019 WHILE ON UNIFORM PATROL IN THE CITY OF LAS CRUCES, CD , STATE OF NEW MEXICO, I WAS DISPATCHED TO THE LAS CRUCES POLICE STATION LOCATED AT 217 EAST PICACHO IN REFERENCE TO A FRAUD REPORT.

WHEN I ARRIVED ON SCENE, I MADE CONTACT WITH A MR. GEORGE MENDOZA WHO WANTED TO FILE A REPORT FOR FRAUD.  MR. MENDOZA WAS PRESENT WITH HIS THERAPIST WHO WAS THERE TO ASSIST HIM DUE TO MR. MENDOZA BEING BLIND.  MR. MENDOZA HAD A STACK OF PAPERS WITH HIM AND BEGAN TELLING ME SOME EVENTS THAT TRANSPORTED OVER THE PAST FEW YEARS SINCE 201

MR. MENDOZA WENT ON TO EXPLAIN THAT HIS MOTHER DIED BACK IN THE BEGINNING OF 2015 AND SINCE THAT TIME HE HAS BEEN THE SOLE OWNER OF HIS MOTHER'S RESIDENCE HAVING TITLE AND DEED IN HIS NAME AT THE ADDRESS OF 1830 BALDWIN.

MR. MENDOZA THEN WENT ON TO TELL ME THAT A COMPANY BY THE NAME OF GENESIS BUILDERS OWNED AND OPERATED BY RANDY FARMER AND CINDY FARMER WERE ATTEMPTING TO FRAUDULENTLY PURCHASE HIS PROPERTY. MR. MENDOZA STATED THAT GENESIS BUILDERS WERE STATING THAT THEY OWNED HIS PROPERTY AT 1830 BALDWIN, THAT THEY HAD A DEED AND TITLE IN THEIR COMPANY NAME.

MR. MENDOZA STATED THAT IN 2017 GENESIS BUILDERS HAD BEEN ATTEMPTING TO PURCHASE THE PROPERTY THAT MR. MENDOZA OWNS AT 1830 BALDWIN BY WRITING A CHECK TO THE DONA ANA TITLE COMPANY IN THE AMOUNT OF $100,000.  MR. MENDOZA STATED THAT A PERSON BY THE NAME OF CELIO LAUER WHO WORKS AS AN AGENT AT THE DONA ANA TITLE COMPANY REFUSED THE CHECK BECAUSE MR. MENDOZA WAS SHOWING AS THE OWNER OF THAT PROPERTY PER THEIR DEED AND TITLE SEARCH.

MR. MENDOZA STATED THAT MS. LAUER ADVISED HIM THAT SHE WILL TESTIFY THAT THE CHECK WAS FRAUDULENT.  MR. MENDOZA STATED THAT THIS PURCHASE AGREEMENT WAS FRAUDULENT BECAUSE THEY USED HIS DECEASED MOTHER'S LAST NAME HUBER AND HIS SISTER'S FIRST NAME LINDA ON THE PURCHASING AGREEMENT BETWEEN THE COMPANY AND THE DONA ANA TITLE COMPANY IN AN ATTEMPT TO PURCHASE THE PROPERTY.

WHEN THAT WAS DENIED, THE DEED THAT GENESIS HAD IN THEIR NAME, MR. MENDOZA STATED THAT THEY GAVE IT BACK TO HIS SISTER.  HE STATED THE COMPANY HAS BEEN DOING THIS DEED TRANSFER BACK AND FORTH BETWEEN THEM AND HIS SISTER IN AN ATTEMPT TO DEFRAUD HIM OF OWNERSHIP OF THE PROPERTY. MR. MENDOZA STATED THAT HIS MOTHER'S NAME WAS LUCINDA HUBER AND HIS SISTER'S NAME IS LINDA BROOKS.  GENESIS BUILDERS CHANGED THE NAME OF THE PROPERTY AND PURCHASE AGREEMENT TO MAKE IT APPEAR AS THOUGH HIS MOTHER'S NAME WAS ON THE PURCHASE AGREEMENT.

MR. MENDOZA BELIEVES THIS TO BE A FRAUDULENT ATTEMPT TO ATTEMPT TO PURCHASE THIS PROPERTY BEHIND HIS BACK AND WITHOUT HIS KNOWLEDGE. MR. MENDOZA STATED THAT THE PROPERTY SHOWS IN HIS NAME THAT HE HAS A DEED AND TITLE TO THEIR PROPERTY IN HIS SOLE NAME AND OWNERSHIP AND NO OTHER NAME.  MR. MENDOZA ALSO STATED THAT GENESIS BUILDERS TRIED TO PUT TWO MORTGAGES ON HIS PROPERTY IN AN ATTEMPT TO GAIN SOME SORT OF OWNERSHIP OVER THE PROPERTY IN AN ATTEMPT TO TAKE THE PROPERTY FROM MR. MENDOZA.

MR. MENDOZA STATED THAT GENESIS BUILDERS WENT THROUGH AN INSURANCE COMPANY CALLED WESTERN INSURANCE TO ATTEMPT TO PURCHASE THE PROPERTY.  MR. MENDOZA STATED THAT HE CONTACTED THE INSURANCE COMPANY ON FRIDAY, NOVEMBER 15, 2019 TO FIND OUT MORE INFORMATION AND THEY STATED THEY WILL BE SHUTTING DOWN THE INSURANCE COMPANY WITH NO FURTHER INFORMATION.

MR. MENDOZA STATED THAT HE DIDN'T UNDERSTAND WHY GENESIS BUILDERS WOULD ATTEMPT TO PURCHASE THE PROPERTY THROUGH ANOTHER COMPANY IF THEY OWN THE PROPERTY AS THEY STATED.  THEY DID BASED ON HAVING SOME DEED AND TITLE WITH THEIR NAME ON IT.

MR. MENDOZA HAS SINCE BEEN IN CONTACT WITH HIS CURRENT ATTORNEY, LAWYERS AND PICKETT LAW FIRM, WHO IS GOING BACK AND FORTH WITH GENESIS BUILDERS ATTORNEYS ABOUT THE PROPERTY.

MR. MENDOZA STATED THAT HIS ATTORNEY INFORMED HIM THAT GENESIS BUILDERS IS ATTEMPTING TO EXTORT MR. MENDOZA BY TELLING HIM HE HAS TO PAY THEM $70,000 OR FACE BEING EVICTED FROM THE PROPERTY.

MR. MENDOZA STATED AGAIN THAT THEY DID NOT OWN THE PROPERTY SO THEY CANNOT EVICT HIM BUT FELT THIS WAS A WAY FOR THEM TO TRY TO EXTORT MONEY FROM HIM.

MR. MENDOZA STATED THAT HE HAS NOT RECEIVED AN EVICTION NOTICE FROM THE COMPANY OR THE ATTORNEYS AT THIS TIME.  I ADVISED MR. MENDOZA I WAS NOT FAMILIAR WITH ALL THE PROPERTY DOCUMENTS HE HAD ON HIS PERSON OR THE DETAILS ON WHETHER OR NOT THIS WOULD QUALIFY AS FRAUD ALTHOUGH I BELIEVED IT WOULD.  I ADVISED MR. MENDOZA TO STAND WHILE I SPOKE WITH PEOPLE WHO DEAL WITH THESE TYPES OF CRIMES IN OUR DEPARTMENT.

I WENT AND SPOKE WITH DETECTIVES WHO WORK ON FRAUD CASES AND TOLD THEM WHAT I HAVE BEEN TOLD BY MR. MENDOZA.  DETECTIVES INFORMED ME TO FILE A REPORT AS THIS CONSTITUTES FRAUD IN THIS CASE WHICH AMOUNTS TO A SECOND DEGREE FELONY.

I WENT BACK AND SPOKE TO MR. MENDOZA AND INFORMED HIM WE WILL FILE THE REPORT AND IT WILL BE FORWARDED UP TO THE DETECTIVES WHO WORK FRAUD CASES FOR FURTHER INVESTIGATION. I ADVISED MR. MENDOZA TO COLLECT ANY DOCUMENTS HE BELIEVED WOULD HELP IN THE INVESTIGATION AND ALSO MAKE COPIES OF ANY CORRESPONDENCE HE RECEIVES FROM GENESIS BUILDERS OR HIS LAWYER IN REFERENCE TO THIS ONGOING ISSUE.

I GAVE MR. MENDOZA A CASE NUMBER AND ADVISED HIM TO CONTACT US WITH ANY FURTHER INFORMATION.  I WENT BACK INTO ACTIVE SERVICE.

NO OTHER DETAILS.  NO OTHER INFORMATION.

END OF REPORT.

/AM  (ENTERED: 11/25/2019, 0933)

## In response to the Rooker- Feldman Doctrine

In regards to the Rooker- Feldman doctrine, this section 1983 complaint does not have anything to do with a state court order or judgement. This complaint is about civil rights violations by four defendants who intentionally and maliciously deprived the Plaintiffs of Federal Constitutional rights, New Mexico Constitutional rights, property rights (and any rights) that were guaranteed by both Federal and State laws. Plaintiffs also have actual and real damages which is listed in our relief as a result of those violations of civil rights.

The Rooker- Feldman doctrine cannot be applied in this case for the simple reason that the court order judgement or verdict (December 30, 2013) DID NOT involve the selling or surrendering of ownership, sell of property or taking the supercedeas bond to the prevailing party. The New Mexico Court of Appeals upheld the decision of the December 30, 2013 verdict. The verdict was simple; Judge Arrieta said Lucinda Huber is the rightful owner of 1830 Baldwin Drive, Las Cruces, NM 88001. No mention of selling or buying of property or anything beyond what was already stated. Ironically, plaintiffs have no dispute over the verdict of the New Mexico Court of Appeals decision upholding the decision that the home belongs to Lucinda Huber. However, it is the fact the home equity was stolen; the home ownership was stolen; and the supercedeas bond was stolen by individuals who Dona Ana County and Las Cruces Police Department refused to arrest or prosecute

14

for deed theft and mortgage fraud.

The Plaintiffs are naming the four defendants because each defendant was well aware of the fact that there were illegal deeds on the property (2014, 2017 and 2020) and refused to resolve the problem that Randy and Cindy Farmer, LLC with Mark Pickett of the Pickett Law Firm was stealing the property because they (Mark Pickett and the Farmer's) knew that it did not matter what the decision the New Mexico Court of Appeals makes, whether they uphold or reverse the decision, Mr. Mendoza keeps the equity and stays in the home as well as receives the supercedeas bond because George Mendoza had Transfer of Death Deed (TODD) after his mother passed away in Feb. 13th 2013. NOTHING was to SUPERCEDE the probate deed or transfer of title of March 26, 2015.  Transfer of title deed also SUPERCEDES any WILLS because a WILL does NOT prove ownership to property. Keep in mind the litigation Mr. Mendoza was involved in was about the October 10th 2003 deed which was alleged to be a forged document. The other deeds were never litigated because a quite title lawsuit was already in process during this time period.  Mark Pickett knew the deeds were illegal; he made a statement in an email stating the deed was illegal and going to remove Mr. Mendoza from his home as well as motion to release the Supercedeas bond to Randy Farmer.  This was clearly a threat by Mark Pickett as well as intimidation as well as retaliation for Mr. Mendoza reporting Mark Pickett to the New Mexico

15

state bar association and other government entities for unethical behavior. Mark Pickett had his paralegal Alice Nevarez notarize the June 1st 2017 deed in his office knowing that NO other notary would ethically perform or do such an act because THAT deed DOES NOT follow CHAIN OF TITLE..therefore, the 2017 deed is illegal. The Farmer's and Linda Brooks were not the rightful owners and were not entitled to any settlements or the supercedeas bond, due to those material facts.

It must be reiterated that the December 2013 verdict DID NOT say to remove Mr. Mendoza from his home, sell or buy the property. The supercedeas bond was illegal in that it went against New Mexico State Statutes and the supercedeas bond was to be released to the PREVAILING party. That PREVAILING party was GEORGE MENDOZA and NOT Randy Farmer or PICKETT. Randy and Cindy Farmer NEVER owned the property nor did they do any construction or any work on the property. They were NOT named in the litigation of 2013 as defendants. And all deeds generated AFTER the transfer of title (TODD or Probate deed) of March 26th 2015 is invalid because it does not follow chain of title.

Cause of Action

Retaliation against George Mendoza by County Officials, LCPD and Pickett Law
Firm

Based on the New Mexico Civil Rights Act section 2; "public body" is state, local
government, commission ..any branch of government that receives public funding.
Section 3 (B) A person who claims to have suffered a deprivation of any rights..to
the constitution of New Mexico due to act or omissions of any public body or
person ..an action to ..recover actual damages and equitable relief in any New
Mexico District court.

Section 8 The state shall NOT have sovereign immunity for itself or any public
body within the State.

Sovereign immunity can be subdivided into two sections; Qualified and Absolute
immunity. That being said both qualified and absolute immunity shall not apply as
a defense for those entities that violated civil rights and any rights against the
Plaintiffs.

Mr. George Mendoza was victim of retaliation by the defendants (Mr. Fernando
Macias, Nelson Goodin and Amanda Lopez) Dona Ana County and Mark Pickett
of the Pickett Law Firm. There were numerous complaints sent to LCPD (Dec. 12,
2019), State of New Mexico Judicial Standards Commission (June 2, 2020),

17

Sectary of State (July 1, 2019), Letter to District Attorney-Mark D'Antonio (March 13, 2018), New Mexico Attorney General (March 1, 2017) and Threatening emails from Mark Pickett from the Pickett Law Firm demanding George Mendoza by evicted if he does not produce a ransom (Nov. 13, 2019, Dec. 13, 2019), First American Title Company returned a $100,000 check from the Farmer's when it was discovered it was fraudulent (April 21, 2017), Bank of America (July of 2020) informing in detail that if Bank of America allows a mortgage to go through they will be committing mortgage fraud.

Mr. George Mendoza was victimized by the retaliation of these entities who did not want to be publicly exposed with their public corruption, openly refusing to prosecute deed theft and mortgage fraud and violations of civil rights which includes property rights, right to a fair hearing (Supercedeas bond was literally stolen because Mark Pickett denied and refused a hearing on the Supercedeas bond), rights homestead, rights respect and denied to honor transfer of title (TODD) and adverse possession because George Mendoza lived on the property for over 45 years and had color of title since 1991 and this exceeded way beyond the 10 year requirement to claim adverse possession in New Mexico State Statute.

## Cause of Action

### Listing Judges and District Attorney are under official capacity

The Plaintiffs are NOT suing the judges for monetary damages. New Mexico Civil Rights Act clearly states that sovereign immunity (along with absolute immunity) no longer apply to government officials in New Mexico. The two judges that are listed as defendants are under "official capacity". This means that the government entity is being sued. The judges are elected officials. Therefore, an elected official is considered an employee of the government entity they are employed with and in this case it is with Dona Ana County. The judges are named as defendants, however, the defendants (Judge Arrieta and Judge Martin) are NOT personally or financially responsible for any compensatory damages. The judges are listed due to the fact that they deprived George Mendoza of his property rights, homestead rights, adverse possession, right to a hearing and failed to protect any his rights due to retaliation since George Mendoza submitted a complaint to the New Mexico Judicial Standards Commission in 2020. It is necessary to name the judges (Arrieta and Martin) in the complaint because they are both instrumental in filing in the events and timeline of all the events that took place during the litigation in state court starting in 2012 to 2020 during which illegal deeds were being intentionally and maliciously placed on George Mendoza's property by Randy and Cindy

Farmer, LLC and most likely under the direction of Mark Pickett of the Pickett Law Firm.

Regarding the District Attorney, Mark DeAntonio, he did not prosecute Randy and Cindy Farmer for deed theft and mortgage fraud even though this is a 2nd degree felony. For some unexplained reason both Mark DeAntonio and Detective Erik Cook decided NOT to bring any evidence to the GRAND JURY for an INDICTMENT and did not want to obtain an ARREST WARRANT. Their inaction caused STATE CREATED DANGER by allowing the Farmers to "walk free" and commit another deed theft on 2020 which resulted in the stealing of the home equity at 1830 Baldwin Drive, Las Cruces, NM. Mark DeAntonio is no longer employed with the Dona Ana County. However, he has to remain as defendant simply because it has to be made clear and be made known why Randy and Cindy Farmer were NEVER arrested or PROSECUTED for deed theft and mortgage fraud. This inaction resulted in loss of property, loss of home ownership and loss of the supercedeas bond which should not have happened had the LCPD done their duty to protect the citizen.

## Statues of limitations

Statute of Limitations (SOL) varies depending on the type of case and type of defendant. SOL only applies with personal injury, private individuals or private entities. It DOES NOT apply when suing GOVERNMENT entities such as the COUNTY. Under Section 1983, there is no statute of limitations when it comes to suing individuals under OFFICIAL capacity who work under COLOR OF LAW and are employed by a GOVERNMENT entity. This is not disputing the 3 year limit for New Mexico to bring suit against a defendant. However, there are some important factors to be considered. First, the Section 1983 lawsuit could not be brought to the U.S. District court due to the fact that in 2012 to early part of 2020 the Plaintiff (George Mendoza) was still in litigation over the 2003 deed and had to wait for this case to close in order to bring suit against the four defendants for civil rights violations. Federal court cannot hear cases where there are state cases already and currently in litigation. Second, the Plaintiffs (George Mendoza and Ron Rowlett) had to wait for the state case to close and there are REAL and ACTUAL financial damages (loss of home equity, loss of home ownership and loss of supercedeas bond) where relief can be granted with cause of action. This is why the statute of limitations in this case needs to be reconsidered based on these uncontrollable circumstances.

HOUSE BILL 4

**55TH LEGISLATURE - STATE OF NEW MEXICO - FIRST SESSION, 2021**

INTRODUCED BY

Georgene Louis and Brian Egolf and Joseph Cervantes

AN ACT

RELATING TO CIVIL RIGHTS; ENACTING THE NEW MEXICO CIVIL RIGHTS ACT; PERMITTING AN INDIVIDUAL TO BRING A CLAIM AGAINST A PUBLIC BODY OR PERSON ACTING ON BEHALF OF OR UNDER THE AUTHORITY OF A PUBLIC BODY FOR A VIOLATION OF THE INDIVIDUAL'S RIGHTS, PRIVILEGES OR IMMUNITIES ARISING PURSUANT TO THE CONSTITUTION OF NEW MEXICO; PROHIBITING THE USE OF THE DEFENSE OF QUALIFIED IMMUNITY; MANDATING ATTORNEY FEES; PROVIDING A THREE-YEAR STATUTE OF LIMITATIONS.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF NEW MEXICO:

    **SECTION 1.**   [NEW MATERIAL] SHORT TITLE.--This act may be cited as the "New Mexico Civil Rights Act".

    **SECTION 2.**   [NEW MATERIAL] DEFINITION.--As used in the New Mexico Civil Rights Act, "public body" means a state or local government, an advisory board, a commission, an agency or an

underscored material = new
[bracketed material] = delete

.218509.1

underscored material = new
[bracketed material] = delete

1   entity created by the constitution of New Mexico or any branch

2   of government that receives public funding, including political

3   subdivisions, special tax districts, school districts and

4   institutions of higher education.

5       SECTION 3.   [NEW MATERIAL] CLAIM FOR VIOLATION OF STATE

6   CONSTITUTIONAL RIGHTS.--

7           A.   A public body or person acting on behalf of,

8   under color of or within the course and scope of the authority

9   of a public body shall not subject or cause to be subjected any

10  resident of New Mexico or person within the state to

11  deprivation of any rights, privileges or immunities secured

12  pursuant to the constitution of New Mexico.

13          B.   A person who claims to have suffered a

14  deprivation of any rights, privileges or immunities pursuant to

15  the constitution of New Mexico due to acts or omissions of a

16  public body or person acting on behalf of, under color of or

17  within the course and scope of the authority of a public body

18  may maintain an action to establish liability and recover

19  actual damages and equitable or injunctive relief in any New

20  Mexico district court.

21          C.   The remedies provided for in the New Mexico

22  Civil Rights Act are not exclusive and shall be in addition to

23  any other remedies prescribed by law or available pursuant to

24  common law.

25      SECTION 4.   [NEW MATERIAL] PROHIBITING THE USE OF THE

.218509.1

- 2 -

DEFENSE OF QUALIFIED IMMUNITY.--In any claim for damages or relief under the New Mexico Civil Rights Act, no public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body shall enjoy the defense of qualified immunity for causing the deprivation of any rights, privileges or immunities secured by the constitution of New Mexico.

SECTION 5.   [NEW MATERIAL] MANDATORY ATTORNEY FEES.--The court shall award reasonable litigation expenses and attorney fees for all work reasonably necessary to obtain a successful result to any person who prevails in a court action to enforce the provisions of the New Mexico Civil Rights Act.  When determining litigation expenses and reasonable attorney fees, the court shall not exclude work on other claims that were inextricably intertwined with work performed to obtain a successful result pursuant to the New Mexico Civil Rights Act.

SECTION 6.   [NEW MATERIAL] STATUTE OF LIMITATIONS AND ABATEMENT.--

A.  A claim made pursuant to the New Mexico Civil Rights Act shall be commenced no later than three years from the date of the conduct alleged to result in a deprivation of a right, privilege or immunity pursuant to the constitution of New Mexico, and any claim made after three years from the date of the conduct alleged to result in a deprivation of a right, privilege or immunity pursuant to the constitution of New

.218509.1

- 3 -

underscored material = new
[bracketed material] = delete

1    Mexico shall be barred.

2         B.   An action made pursuant to the New Mexico Civil

3    Rights Act that is pending in any court shall not abate upon

4    the death of either or both parties to the action.

5        SECTION 7.   [NEW MATERIAL] INDEMNIFICATION BY PUBLIC

6    BODY.--A judgment awarded pursuant to the New Mexico Civil

7    Rights Act against a person acting on behalf of, under color of

8    or within the course and scope of the authority of the public

9    body shall be paid by the public body.

10       SECTION 8.   [NEW MATERIAL] WAIVER OF SOVEREIGN IMMUNITY.--

11   The state shall not have sovereign immunity for itself or any

12   public body within the state for claims brought pursuant to the

13   New Mexico Civil Rights Act, and the public body or person

14   acting on behalf of, under color of or within the course and

15   scope of the authority of the public body provided pursuant to

16   that act shall not assert sovereign immunity as a defense or

17   bar to an action.

18       SECTION 9.   [NEW MATERIAL] RECORDS OF CLAIMS.--Each public

19   body shall maintain a record of all final judgments and

20   settlements paid by the public body for claims made pursuant to

21   the New Mexico Civil Rights Act and attach a copy of the

22   complaint to each record.  All judgments, settlements and

23   complaints are subject to disclosure pursuant to the Inspection

24   of Public Records Act.

25                              - 4 -

.218509.1

underscored material = new
[bracketed material] = delete

CAUSE OF ACTION-- Bank of America

Bank of America- Creditor for the mortgage- LOAN NUMBER 100200457-- A letter was written to Brian Moynihan, CEO on July of 2020 informing the Bank of America of the fact that Dona Ana Title Company (with Pickett and the Farmer's) was going to commit mortgage fraud in the form of aiding and abetting by stealing Mendoza's property and for the creditor to NOT approve the loan and NOT accept any funds to purchase the property since this will be an illegal transaction. This was completely ignored and the loan went through anyway. This makes it no accident on Bank of America by completely ignoring the letter and was clearly informed that this will result constitutional injury and civil rights violations such as denied right to property, denied right to homestead, denied right of speech (1st Amendment) because he was never informed of the closing on his property whereby Chino Dominguez, who never seen or lived in the house, is going on the deed) denied right to 14th Amendment section II by taking property without due process of law. Bank of America committed real estate, mortgage fraud and bank fraud and by intentionally allowing criminals to steal a blind man's home and property at 1830 Baldwin drive, Las Cruces, New Mexico 88001. Bank of America NEVER contacted Mr. Mendoza to get his approval or permission to sell the home while Mr. Mendoza has lived in his own home for over forty seven years with no mortgage AND it was not a rental.  On March 26, 2015, Mr. Mendoza was given a

transfer of death deed (TODD) when his mother, Lucinda Marion Huber, passed away on February 13th 2015. The ONLY legal deed that follows chain of title was the TODD of 2015. Since then, several illegal deeds (2017 and 2020) were maliciously and intentionally placed on Mr. Mendoza's home and property in Las Cruces, New Mexico. All the defendants in this case were made aware of this fact, making this no accident, and yet nothing was ever done to protect George Mendoza, even after multiple complaints to Dona Ana County officials, Dona Ana Title Company and LCPD. Mr. Mendoza is legally blind, elderly, Hispanic, Jewish and Pima Indian. Mr. Mendoza no longer has his name on the title and deed to his home and property because of intentional mortgage fraud, gross negligence, public corruption and discrimination. Mr. Mendoza had his right to property violated and 14th Amendment section II violated when his property was taken from Bank of America without due process of law.

Mr. Mendoza would like to encourage the Bank of America to investigate who received the proceeds from both the sale of Mendoza home and property at 1830 Baldwin, Las Cruces, New Mexico and Mr. Rowlett's bond. Linda brooks was the seller and Chino Dominguez was the buyer and yet Mendoza's name was still on the title and deed because Mr. Mendoza had a (TODD) transfer of death deed given to him on March 26, 2015.

23

Linda brooks, age 83, has significant dementia and was taken advantage of by the Pickett Law Firm and Randy and Cindy Farmer, LLC.  This is elderly abuse by the Pickett Law Firm.  Most likely Linda brooks received maybe five thousand dollars while Randy and Cindy Farmer, LLC., received Rowlett's bond of 22,000.00.  The Pickett Law Firm after successfully extorted Mendoza and Rowlett got the rest of the proceeds from the Bank of America and the $56,500.00 mortgage.

## Fraud and Evasion on the Court

According to New Mexico State Statute chapter 45-1-106 in this section that deals

with fraud and evasion clearly states that if ANY fraud was committed in any

proceeding that court case should be dismissed and damages awarded by the one

who committed the fraud to the victim.

Mr. Mendoza was denied the right to claim adverse possession based on state

statute in July of 2013 when he met all the qualifications as stated by New Mexico

Statutes Chapter 37.

Randy and Cindy Farmer, LLC of Genesis Builders, deposited a $100,000 dollar

check in escrow at the Dona Ana Title Company in an attempt to steal Mr.

Mendoza's home and property.   This check was rejected by the Dona Ana Title

Company because the title Company could see, through a title search, that George

Mendoza had his name on the deed and title to the property. This was an attempt to

steal George Mendoza's property which went unanswered by law enforcement.

Both Randy and Cindy Farmer should have been arrested for 2nd degree felony.

Randy Farmer admitted in a written letter that he liquidated Lucinda Huber's estate

while she was still in a nursing home, suffering from advanced dementia, bed

confined and needing 24/7 care. The perpetrators used a bogus power of attorney

which was never sealed or notarized as required by NM state law. Randy and

Cindy Farmer along with Linda Brooks, who Randy Farmer deeded the June 1,

2017 deed to, should be charged with a 2nd degree felony and financial exploitation of the elderly. They have not been arrested to this day. This also shows strong and convincing evidence that there is collusion with Dona Ana County and its employees along with a highly corrupt justice system in an attempt to steal a blind man's property, violating his 14th Amendment rights secured by the U.S. constitution.

## Transfer of Death Deed

On March 26, 2015, George Mendoza received a Transfer on Death Deed also known as TODD.  The probate deed, March 26, 2015, is a transfer of title which was done after the death of Lucinda Huber, the mother of George Mendoza. The transfer of title or TODD is the ONLY legitimate deed on the property and NO other deeds were supposed to be placed on the property after Lucinda Huber expired. Mr. Mendoza PROPERLY and LEGALLY files the paperwork at the Dona Ana County Clerk's Office.  Mr. Mendoza was the only one living at the property for the past forty seven years at 1830 Baldwin Drive, Las Cruces, New Mexico 88001.  Mr. Mendoza is the only child of his late mother, Lucinda Marion Huber. George Mendoza and Ron Rowlett informed this material fact on March 16th 2020 at the Dona Ana County Government Complex about the TODD to the defendants (Mr. Macias, County Manager and Nelson Goodin, County attorney). These two defendants did absolutely nothing to protect Mr. Mendoza or act to stop the illegal deeds put on his home and property and they all allowed the house to be sold to a bunch of criminals. Mr. Mendoza's property rights were violated by the defendants who did not honor the Transfer of Death Deed (TODD).



# STATE BAR of NEW MEXICO
## LEGAL RESOURCES FOR THE ELDERLY PROGRAM

# *Senior Supplement*

**An Educational Service of the Legal Resources for the Elderly Program (LREP)**          **January 2013**

# Transfer on Death Deed

For more information call the LREP toll-free Legal Helpline
at 800-876-6657 or 505-797-6005 (Albuquerque area)
www.nmbar.org/public/LREP

The law in New Mexico allows an owner of real property (land or house) to transfer that property to another person (grantee beneficiary) through the use of a **Transfer on Death Deed** (TODD). This deed allows the owner to designate a person or persons who will become the owner of the property when the original owner dies without any need for that property to go through probate.

**There is no transfer until the owner dies.**
The owner keeps control of the property until the owner dies. The owner does not have to have permission from the grantee beneficiary to sell the property, borrow money on it, or give it away.  The owner can **revoke** (cancel) the deed at any time and can execute (sign), acknowledge (sign before a notary) and record a new TODD providing for a different person to get the property. The grantee beneficiary does not have to be notified of the recording of the TODD and does not have to be notified if the TODD is revoked. Since the grantee beneficiary has no claim on the property during the lifetime of the owner, the property can't be taken by the grantee beneficiary's creditors while the owner is still alive.  A TODD also will not disqualify an owner from receiving Medicaid assistance for nursing home care, because the owner has not given the property away.

**How does an owner make a TODD?**
It is very important that a TODD be properly drafted (written), executed and acknowledged. Therefore, it is advisable that the owner consult with an attorney to be certain that all of the requirements have been met. The TODD must then be recorded at the county clerk's office in the county in which the property is located.

**A Joint Tenancy is not affected by a TODD.**
If joint tenants record a TODD, the property does not go to the grantee beneficiary when the first joint tenant dies. Instead, the surviving joint tenant becomes the sole owner of the property. The property goes to the



grantee beneficiary once the last joint tenant dies unless that joint tenant does a new TODD.

**A TODD controls over a will.**
If the owner's will states that a certain person or persons will inherit real property and the owner recorded a TODD for that property, the grantee beneficiary inherits the property through the TODD. The owner's will has no effect on the TODD. **No matter what you say in your will, the TODD will control the distribution of your property.**

**The grantee beneficiary gets the owner's interest in the property subject to any claims against the property when the owner was alive.**

If the owner had a mortgage, if there was a lien against the property, or if the owner had given away an interest in the property such as an easement, the grantee beneficiary's interest in the property is subject to those claims and obligations.

**When the owner dies, the owner's creditors can make a claim against the property.**
The real property is transferred at the death of the owner. If the deceased owner owes money to creditors, the creditors can attempt to be repaid out of the real

*(Continued)*

property if there are no other assets available to pay them. To make that claim, the creditor would have to open a probate proceeding (if there wasn't one already open). The transfer is also subject to allowances for the owner's surviving spouse and minor children if the owner didn't leave enough assets to provide those allowances.

# Frequently Asked Questions About
# TODDS:

**Q. How does the grantee beneficiary get title to the property after the owner's death?**

**A.** The grantee beneficiary takes a certified copy of the owner's death certificate to the county clerk's office to be recorded. This completes the transfer. Title is transferred without having to open a probate proceeding.

**Q. If I were to die after being in a nursing home, getting Medicaid, would my house go to my TODD beneficiary or would the house be sold so Medicaid could be paid back for money it paid for my nursing home care?**

**A.** There is no easy answer to this question. Under New Mexico law, Medicaid can recover from probate estates. The TODD property will not be in the probate estate. However, the TODD law also allows creditors to make claims against the TODD property. Currently, Medicaid is in the process of stepping up its estate recovery procedures and it is yet to be seen whether Medicaid will make claims against this type of transfer.

**Q. After my death, if my beneficiary wants to sell my house immediately, could my creditors create a problem with the sale?**

**A.** If there isn't enough money in your estate to pay your creditors, the TODD property would be subject to your creditors' claims. A creditor has one year from the date of the original owner's death to make a claim against the estate of the deceased. Title insurers would likely be reluctant to issue title insurance before that one-year time period had passed.

**Q. Does my beneficiary get a stepped-up tax basis in my real property when I die?**

**A.** Yes, the property received at your death would get a stepped-up tax basis as property your beneficiary inherited from you. This means the beneficiary will not have to pay capital gains taxes on the amount the property increased in value while you owned it.

**Q. I have rental properties. Can I use a TODD to transfer those assets?**

**A.** Yes. The TODD is for any real estate located in New Mexico. Any existing leases would continue in effect after the owner's death. Before you execute a TODD for business or investment property, you should consult with an attorney as there may be tax consequences you need to consider.

**Q. What effect would a TODD have on taxation of my estate?**

**A.** The TODD itself would have no effect. Estate Taxes are calculated on one's taxable estate. A TODD removes your real estate from your probate estate, not your taxable estate. Your taxable estate is basically everything of value you own when you die. If you have concerns about estate taxation, you should consult with a tax professional.

DONA ANA COUNTY, NM     Filed: 0 /2015 10: 6 AM          Instrumen  506140          Page: 1 of 2

3/26/2015
1506140

# PERSONAL REPRESENTATIVE DEED

George J. Mendoza _____, Personal
Representative of the Estate of Lucinda M Huber ,deceased,
appointed on MARCH 16 ,20 14, by the Probate Court of Doña Ana County,
Las Cruces, New Mexico, Probate No. 15-0061, grants to George J. Mendoza
_____,whose address
is: 1830 Baldwin Dr, Las Cruces ,and _____,
whose address is _____,
all the interest of the Estate of Lucinda M. Huber ,
deceased, in and to the real estate located in Doña Ana County, New Mexico, and
described as follows:

See Attached.

Dated: MArch 26 , 20 14 .

The Estate of Lucinda M Huber , Deceased

By _____
          Personal Representative

**STATE OF NEW MEXICO** )
                         ) ss
**COUNTY OF DOÑA ANA** )

The foregoing instrument was acknowledged before me this 26 day of
March _____, 20 15 , by George Mendoza _____,
Personal Representative of the Estate of Lucinda M. Huber .

_____
          **NOTARY PUBLIC**

My Commission Expires,
3.26.18

COUNTY OF DONA ANA     )          PERSONAL REPRESENTATIVE
STATE OF NEW MEXICO    ) ss       PAGES: 2

I Hereby Certify That This Instrument Was Filed for
Record On   MAR 26, 2015 10:09:46 AM
And Was Duly Recorded as Instrument #  1506140
Of The Records Of Dona Ana County

Witness My Hand And Seal Of Office,
Lynn J. Ellins, County Clerk, Dona Ana, NM

Deputy     Alexandra Chavarria

REV (8/13)

# STATE OF NEW MEXICO
# CERTIFICATE OF DEATH

New Mexico Vital Records and Health Statistics
State of New Mexico
United States of America

No. 3586430

| DECEDENT'S LEGAL NAME | | | IF FEMALE, MAIDEN NAME |
|---|---|---|---|
| <<<Lucinda M. Huber>>> | | | <<<Huber>>> |

| DATE OF DEATH | TIME OF DEATH | SEX | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| February 13, 2015 | 06:35  AM ☒  PM ☐ | Female | 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 |

| MARITAL STATUS | SURVIVING SPOUSE - if wife, maiden name |
|---|---|
| Divorced | <<<>>> |

| DATE OF BIRTH | BIRTH PLACE | SERVED IN U.S. ARMED FORCES |
|---|---|---|
| September 04, 1929 | New York | Yes ☐   No ☒ |

| DECEDENT'S RACE | TRIBE | HISPANIC |
|---|---|---|
| White | <<<>>> | Yes ☐   No ☒ |

| DECEDENT'S RESIDENCE COUNTY | DECEDENT'S RESIDENCE STATE |
|---|---|
| Dona Ana | New Mexico |

| MOTHER'S FULL MAIDEN NAME | FATHER'S FULL NAME |
|---|---|
| <<<Belle Jane Halliday>>> | <<<Elmer J. Huber>>> |

METHOD OF DISPOSITION
☐ Burial  ☐ Donation  ☐ Removal from State
☒ Cremation  ☐ Entombment  ☐ Other (Specify): <<<>>>

DISPOSITION LOCATION
Baca's Sunset Crematory

| FUNERAL SERVICE FACILITY | COUNTY OF DEATH |
|---|---|
| Baca's Funeral Chapels, Las Cruces | Dona Ana |

| PLACE OF DEATH | TYPE OF PLACE | NAME OF PERSON CERTIFYING CAUSE OF DEATH |
|---|---|---|
| Casa Del Sol Senior Care Center | Nursing Home/Long Term Care Facility | <<<Jesus R. Duran III MD>>> |

MANNER OF DEATH
☒ Natural  ☐ Accident  ☐ Homicide  ☐ Suicide  ☐ Undetermined  ☐ Pending Investigation

CAUSE OF DEATH

PART I. Events such as diseases, injuries, or complications that directly caused the death.

a. Cardiorespiratory arrest

b. Failure of thrive

c. Advanced dementia

d. <<<>>>

PART II. Other significant conditions contributing to death.

<<<>>>

File Number: 2015-001859
File Data: February 17, 2015
Order Number: 20150308216

*Renee Valencia*, State Registrar

CERTIFIED COPY OF VITAL RECORD
This is a true and exact reproduction of all or part of the document officially registered and filed with the New Mexico Bureau of Vital Records and Health Statistics, Department of Health.

WARNING: IT IS ILLEGAL TO ALTER, COPY OR COUNTERFEIT THIS CERTIFICATE.
ADVERTENCIA: ES ILEGAL ALTERAR, COPIAR O FALSIFICAR ESTE CERTIFICADO.



DATE ISSUED Mar 10 2015

Cause of Action

Amanda Lopez

The County Clerk, Amanda Lopez and County Manager, Fernando Macias, maintain that they accept "all deeds" as required by NM state statue. On April 2019 when questioned if they accept ILLEGAL DEEDS, the answer was met with aggravation and the response was, "We cannot determine what is legal or illegal, we just file the deeds and you have to go to court to fight an illegal deed." It was already made known that there are ILLEGAL deeds on the property of 1830 Baldwin Drive, Las Cruces, NM and all County officials refused to do anything to stop it or correct the problem. It was asked, "What are your checks and balances to make sure a deed is legal and follows chain of title? "What do you do if there really is an illegal deed?" The County Clerk quickly admitted that there are NO checks and balances and you have to go to court to fight illegal deeds. There is NO policy or anything that the County of Dona Ana does to protect the citizens from real estate fraud or deed theft. When the victim files a police report for deed theft and 2nd degree felony, it ends up not being prosecuted even with overwhelming evidence.  Dona Ana County government officials follow a policy of ACCEPTING ALL DEEDS (including ILLEGAL DEEDS) and it is this policy that directly caused monetary damages. This again, puts the County government officials at fault for failing to protect the citizen and causing loss of equity and property. It is

28

argued that the government officials of the County of Dona Ana created the danger by deliberately refusing to indict, arrest and prosecute the criminals deliberately putting illegal deeds on the property and that directly caused Mr. Mendoza's loss of home equity and loss property whereby the County of Dona Ana is directly responsible for failure to protect and failure to act to prevent this kind of injury.

Cause of action

Geraldo Perrera

Geraldo Perrera, Document specialist- stated that the June 1st 2017 deed was ILLEGAL. In a phone conversation he told George Mendoza that NO deed should have been filed AFTER his probate deed of March 26, 2015.Mr. Mendoza probated with Dona Ana county probate judge Bustamante and was given property transfer, which is known as a TODD, of his own home to him at 1830 Baldwin, Las Cruces, NM 88001.  Mr. Geraldo Perrera violated  Mr.Mendoza's property rights when he refused to report the illegal deed to the County Manager or his supervisory which is a violation of the Dona Ana County Employee Fraud Policy section 2-11. This inaction resulted in George Mendoza losing his home equity, ownership and supercedeas bond.

<u>Cause of Action</u>

Andy Segovia--*County Accessor*

On or about July 8th of 2014, Mr. Mendoza had a meeting with Andy

Segovia, the County Accessor. Mr. Mendoza informed the county accessor that the

July 2014 quit claim deed was illegal and fraudulent because it did not follow

chain of title and Lucinda Huber was still alive and in a nursing home suffering

from advanced dementia. Mr. Mendoza asked kindly and respectfully if he could

remove the deed from the record due to these material facts and Mr. Segovia said,

"I am not going to do anything about it."  Then, Mr. Mendoza went back to see Mr.

Segovia about another quit claim deed dated June 1, 2017, was illegally put on his

home at 1830 Baldwin, Las Cruces, NM 88001.  Mr. Segovia said once again, "I

am not going to do anything about it.  You can come in every day but I am not

going to do anything about it."  Mr. Segovia's inaction and refusing to do anything

about the fraudulent deeds caused Mr. Mendoza to lose his home equity, his home

ownership and later the supercedeas bond. Mr. Mendoza's property rights were

violated and his home equity literally stolen from criminals who committed deed

theft and mortgage fraud. Mr. Segovia failed to report the fraud to his supervisor or

the County Manager, Fernando Macias as required by the New Mexico Employee

Government Handbook section 2-11.

Cause of Action

Dona Ana Title Company

Shawna Blount- President-of Dona Ana Title Company (a.k.a. First American Title Company)- Deliberately allowed the sale of 1830 Baldwin Drive with a known illegal deed from Randy and Cindy Farmer, Genesis Builders, Inc. for July 2020 and 2017. George Mendoza was still personal representative and he never deeded the property to Randy and Cindy Farmer or anyone else. She denied Mr. Mendoza's right to property and homestead rights as well violating the 14th Amendment to the US constitution section II by taking away his property without due process of law.

Sylvia Lauer- Vice President- of Dona Ana Title Company - (a.k.a. First American Title Company)

Shawna Blount – President, of First American Title Company deliberately allowed the sale of 1830 Baldwin Drive with a known illegal deed from Randy and Cindy Farmer, Genesis Builders, Inc. for July 2020. George Mendoza was still personal representative and he never deeded the property to anyone. She denied Mr. Mendoza's right to property and homestead rights as well violating the 14th Amendment to the US constitution section II by taking away his property without due process of law.

31



## First American Title Insurance Company

04/21/2017

Payee(s): Randy and Cindy Farmer, LLC

1830 Baldwin
Las Cruces, NM  88001

**Escrow No.:** 2210444
**Check No.:** 540258820
**Dated:** 02/14/2017
**Amount:** $100,000.00
**UCP No.** F078-0306
**BUID No.** 5402
**Buyer:** Randy and Cindy Farmer LLC
**Seller:** Linda Huber
**Property Address:** 1830 Baldwin

Dear Sir/Madam:

Pursuant to our records, we find that the above referenced check issued to the above payee(s) has not been presented to the bank as of the date of this letter. The bank's policy is to return stale dated checks. That is, checks that are dated six months or more prior to this letter.

If the check is in your possession, please deposit it if it is less than six months old; or send it back to our company if it is more than six months old and a new check will be promptly issued upon receipt of check and signed letter.

**Please check your records and indicate below the circumstances that apply, sign and return to us. All signatures of payees listed above required for disbursement of funds:**

____ I/We have reviewed my/our records and have determined that I/we have been paid or reimbursed for all monies owed.

____ I/We have reviewed my/our records and determined that either I/we did not receive the check listed above or it was lost after receipt and has not been negotiated. Please issue a new check for funds due and forward it to the following address (**Please add signature lines as needed**):

_____           _____
Signature               Date           Signature               Date

_____           _____
Address      /Phone                    Address/Phone

Unclaimed Property Division
P.O. Box 25558, Santa Ana, CA 92799 tel 877.694.2905   fax 888.651.4431

## INJURIES

1.     George Mendoza lost the full equity and home ownership of his home which

is valued at $155,000.00; this figure is from the appraised value from AAG.  Mr.

Mendoza's name is no longer on the deed and title at 1830 Baldwin drive, Las

Cruces, New Mexico, 88001. The two Judges Arietta and Judge Martin, the Pickett

Law Firm (Mark Pickett) and law enforcement officials, such as detective Erik

Cook for ignoring federal laws and state laws. These laws are property laws that

govern legitimate ownership, failure to protect the citizen from deed theft when

illegal deeds are placed on the property in order to steal the equity, 2nd degree

felonies were committed and yet the suspects (Randy and Cindy Farmer) were

allowed to pursue their diabolical agenda in stealing property. Ironically, Mr.

Mendoza still lives in the home as if Dona Ana County just wanted the $80,000

extortion and ransom money in order to let George Mendoza stay in his home and

not kick him out in the streets as a homeless blind, disabled person.  Mr. Mendoza

did see a mental health counselor over the many years during this time these

criminals were stealing his own home with a fighting a highly corrupt justice

system. Mr. Mendoza saw Dr. Steward Kilter and several mental health counselors

at Ben Archer Health Clinic.  Mr. Mendoza now suffers from PTSD, high anxiety

and major clinical depression.

2.     There is now a $56,000 mortgage as of July of 2020 when George Mendoza's daughter, Maria, had to pay every month for the next 30 years because George is on a fixed income and there is no way he has the financial ability to pay rent or a mortgage. This should never have happened considering the home was already payed for and was living there for 45 years. Had the Dona Ana County government officials (Mr. Fernando Macias, Nelson Goodin and Amanda Lopez) had not neglected their duties by protecting citizens who are victimized by deed scams, deed theft

and mortgage fraud and allow the LCPD to do their job in bringing an indictment on Randy and Cindy Farmer for real estate fraud and deed theft and have them arrested and prosecuted, this would not have happened!  This is textbook case of Malfeasance. There was a failure to protect, failure to act and failure to intervene. There was a state created danger by allowing Randy and Cindy Farmer to freely commit estate fraud which should NEVER be allowed in a modern civilized society.

3.     Ron Rowlett lost his $20,000.00 supersedes bond, plus $2,000.00 in interest and $40,000.00 in legal fees over a span of 9 years of fighting a highly corrupt justice system riddled with all kinds of government officials playing games with the citizen constitutional rights and taking kickbacks and bribes to make sure everyone working in an official capacity completely disregard the New Mexico

state statutes and regulations designed to protect the citizen. This is malfeasance and failure to protect and failure to act to protect the citizen from harm. Their plan was to win at all costs even if it means breaking the law!  Ron Rowlett has several medical conditions including anxiety, depression, arthritis excessive weight loss and insomnia..all from undue emotional stress and mental anguish that was directly caused by fighting a highly corrupt justice system!

## RELIEF

George Mendoza and Ron Rowlett demand the court to pay the following damages:

1.     The home equity of George Mendoza's home which was valued at $155,000.00.  This was stolen by the Dona Ana County Title Company and Bank of America when they refused to abide by the fact that there is a clouded title and Bank of America approved a mortgage on a home that originally was not for sale and was already payed off many years ago. George Mendoza had TODD, transfer of title deed, which gives him true ownership and any deed after that is invalid and illegal.

2.     Ron Rowlett's supersedes bond the County stole which is $20,000.00 + $2,000.00 in interest.

This was stolen by Pickett Law Firm and it was made clear by two attorneys, ANGEL SAENZ who stated to Mark Pickett that the bond is "off the table" since the bond was to go back to Mendoza because he had transfer of death deed (TODD) when his mother expired on Feb. 15th 2015 and he was the only surviving son. Plus, a Will DOES NOT prove ownership of a house; only DEEDS CAN PROVE OWNERSHIP and George Mendoza's name was on the deed up to September of 2020 when a warranty deed was generated which completely ignored chain of title errors and clouded title. The second attorney was RUSSELL DEAN

CLARK who stated on or around June of 2018, "It does not matter what the New Mexico Appeal Court does in terms of upholding or reversing the verdict of December of 2013; the property still goes back to you (George Mendoza) "This is because George Mendoza is the only surviving son and since his mother had expired in February of 2015 he has the TODD and therefore George Mendoza is the ESTATE.

3.     $40,000.00 in legal fees over the past 9 years for fighting corrupt lawyers to line the pockets of law enforcement officials such as detectives and bribing judges to rule against George Mendoza based on verbal statements and ignoring the facts which would clearly show the George Mendoza was in the right and the case against him should have been dropped a long time ago. He was denied adverse possession when he had color of title as well as life estate, he was never granted a reader which is a violation of the ADA, he was never read his Miranda Rights when he was falsely arrested in 2012 and he was made a victim of deed theft by a third party which later ended up stealing his home and property. The County did nothing to stop it or even bother to prosecute the thieves where there was overwhelming evidence to do so.  This is a textbook case of Malfeasance and state created danger to the victim.

4.     Dona Ana Title Company should pay all of the $56,000 of the mortgage to Bank of America ( the creditor )who owns George Mendoza's home which was

sold right out from under him due to Mark Pickett, who knew about the illegal deeds 2014, 2017 and 2020; all of which DO NOT follow CHAIN OF TITLE and none of those deeds should have been placed on the property after the transfer of death deed (TODD) on March 26th 2015 by George Mendoza. He is the estate after his mother became deceased.

5. George Mendoza should get his name and ONLY his name on the deed to his home. Dona Ana County (Mr. Fernando Macias, Nelson Goodin and Amanda Lopez) and Detective Erik Cook (LCPD) refused to indict and arrest Randy and Cindy Farmer for 2nd degree felonies, set the stage to steal George Mendoza home and property and supercedeas bond through real estate fraud, deed theft and mortgage fraud.

6. Ron Rowlett deserves compensation for mental anguish and emotional distress of $1,440,000. This is from multiplying the $20,000 bond (which was illegal by the way) by each MONTH up to 6 YEARS Dona Ana County held the bond illegally. And then had the audacity to give the bond to Pickett and then to Randy Farmer. These individuals NEVER owned the property at 1830 Baldwin Drive except for putting illegal deeds on the property and getting the corrupt justice system to go along with their deed fraud scheme and steal property from a law abiding citizen. This is a textbook case of Malfeasance and fraud!

7. George Mendoza deserves compensation for mental anguish and emotional

distress of $3,100,000.00 which his home equity times 20 for 10 years of fighting a highly corrupt justice system and allowing the criminals a free pass to steal property.

8. There should be $250 million dollars in punitive damages.  The evidence is overwhelming that the Dona County government officials (Fernando Macias, Amanda Lopez, Nelson Goodin, Andy Segova, etc.)  under their OFFICIAL CAPACITY and under COLOR OF LAW, were well aware of what was happening to the property of George Mendoza and  refused to do anything about it! The inaction, negligence and incompetence of Dona Ana County officials (Mr. Macias, Nelson Goodin , Andy Segova and Amanda Lopez) were deliberate and malicious in their refusal to act which directly caused a loss of equity and loss of the supercedeas bond. They were habitual in their failure to protect and failure to act to protect the citizen.

Respectfully submitted this 28th day of December 2021,


George J. Mendoza
1830 Baldwin Drive
Las Cruces, New Mexico
575-522-1074
*Pro Se*


Ron R. Rowlett
2229 Stone Pine Drive
Las Cruces, New Mexico 88012
575-323-4545
Pro Se

## CERTIFICATE OF SERVICE

I, George Mendoza, and Ron R. Rowlett, hereby certify that I sent a copy of the following Complaint for violation of civil rights to U.S. District Court, Las Cruces, NM this 28th day of December 2021.

George J. Mendoza
1830 Baldwin Drive
Las Cruces, New Mexico575-522-1074
*Pro Se*

Ron R. Rowlett
2229 Stone Pine Drive
Las Cruces, New Mexico 88012
575-323-4545
Pro Se