IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGE MENDOZA and
RON ROWLETT,

       Plaintiffs,

v.                                   No. 2:21-cv-01156-KG-GJF

FERNANDO MACIAS et al.,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

THIS MATTER comes before the Court on *pro se* Plaintiffs' Amended Complaint for Violation of Civil Rights, Doc. 12, filed December 28, 2021 ("Amended Complaint"), and Plaintiff George Mendoza's Motion for Appointment of Coun[sel], Doc. 16, filed January 12, 2022 ("Second Motion to Appoint Counsel").

**The Complaint**

This action arises from a dispute of the ownership of Plaintiff Mendoza's home, an alleged false arrest, and the alleged theft of Plaintiff Rowlett's bond. *See* Complaint for Violation of Civil Rights, Doc. 1, filed December 3, 2021 ("Complaint"). The Complaint named the following Defendants: (i) Dona Ana County ("County"), five County officials and five County Commissioners; (ii) two judges of the Third Judicial District Court; (iii) a district attorney; (iv) a title company and two of its employees; (v) the Las Cruces Police Department, its chief of police and a detective; and (vi) Bank of America and two of its employees. The Complaint asserted claims for constitutional violations pursuant to 42 U.S.C. § 1983 and claims pursuant to state statutory and tort law.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiffs that the Complaint failed to state claims upon which relief can be granted, explained why the Complaint failed to state claims, and ordered Plaintiffs to file an amended complaint. *See* Doc. 11, filed December 10, 2021 (stating the Complaint failed to state with particularity what each Defendant did to each Plaintiff, some claims appeared to be barred by statutes of limitations, Defendant Las Cruces Police Department is not a suable entity, state-court judges are immune from suits for monetary damages, the state district attorney is immune for actions taken in presenting the government's case, Plaintiff Mendoza's claim regarding ownership of the home appears to be barred by the *Rooker-Feldman* doctrine which bars a federal court from hearing a claim where the relief requested would undo the state court's judgment, private citizens lack a judicially cognizable interest in the criminal prosecution of another, and Plaintiffs failed to state with particularity for each Defendant the circumstances constituting fraud as required by Federal Rule of Civil Procedure 9(b)).

## THE AMENDED COMPLAINT

Plaintiff Mendoza alleges:

I have lived in my family home at 1830 Baldwin Drive, Ls Cruces, NM 88001 for over 40 years.  The home has been mortgage free for many years until just recently. My mother, Lucinda Huber, initially purchased the home by Warranty Deed dated September 28, 1984 ... My mother ... passed away on February 13, 2015.  I was appointed Personal Representative of the Estate and I handled all of the paperwork in regard to her Estate, which included the subject property ... I conveyed the subject property by executing the appropriate Personal Representative Deed ... Subsequently an ILLEGAL Quitclaim Deed, dated June 1, 2017, pertaining to the subject property ... was entered into by Randy and Cindy Farmer, LLC to Linda Joyce Brooks as Personal Representative of the Estate of Lucinda Huber, my Mother, even though I had already been appointed Personal Representative on March 26, 2015 ... Subsequently, in Third District Court proceedings Judges rendered decisions that never addressed the fact that I had been granted a Personal Representative Deed prior to the above Quitclaim Deed being entered into involving the Farmers ... Mark L. Pickett of the PICKETT LAW FIRM of Las Cruces, threatened to evict me from my own family home, if I did not pay him $80,000, as he represents Randy Farmer who entered into the Quitclaim Deed ... Recently, my daughter ... who is an attorney ... and her boyfriend ... have taken out

a Mortgage with Bank of America for $60,000, to purchase the subject property and he has received a Warranty Deed.  This Mortgage was in addition to an already $20,000 deposited with the Third District court, that was paid on my behalf [by Plaintiff Ron Rowlett], as a Bond, for a court proceeding.  The Bond, plus interest, was eventually released to Randy Farmer.

Amended Complaint at 8-12.

Plaintiffs state they are asserting claims for civil rights violations against *four* Defendants.  *See* Amended Complaint at 2 ("This COMPLAINT FOR VIOLATION OF CIVIL RIGHTS seeks review and remedy ...against Defendants; Dona Ana County, Las Cruces Police Department, Dona Ana Title Company and Bank of America"); at 18 ("The Plaintiffs are naming four defendants because ..."); at 24 ("in order to bring suit against the four defendants for civil rights violation").  Construing the Amended Complaint liberally, because Plaintiffs are proceeding *pro se*, it appears that Plaintiffs may also be asserting claims against other persons who are listed as Defendants in the caption of the Amended Complaint.  It also appears that Plaintiffs may be asserting claims based on state law and for violation of federal and state criminal statutes.

**Violations of Criminal Statutes**

It appears that Plaintiffs may be asserting claims based on alleged violations of unspecified federal criminal statutes.  *See* Amended Complaint at 7 (alleging "Extortion for rent"); at 9 (alleging "This is another act of extortion"); at 12 (alleging "The [Defendants] Farmers have blatantly committed Fraud, Forgery, Mortgage fraud and Larceny which are all Second Degree Felonies under New Mexico criminal statutes"); at 13 (stating "It is your [Defendant County Manager Macias] duty and obligation whether professional or moral that you report my complaint to the County Attorney and District Attorney and have Randy and Cindy Farmer arrested for 2nd degree felonies"); at 29 (alleging "Bank of America committed real estate, mortgage fraud and bank fraud"); at 31 (alleging "The Pickett Law Firm after [sic] successfully extorted [Plaintiffs]");

3

at 32-33 (stating "Both Randy and Cindy Farmer should have been arrested for 2nd degree felony" and "Randy and Cindy Farmer along with Linda Brooks ... should be charged with a 2nd degree felony").

The Court dismisses any claims Plaintiffs may be asserting based on alleged violations of federal criminal statutes. *See Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003) ("criminal statutes do not provide for private civil causes of action"); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

**Doña Ana County Defendants**

Plaintiffs name Doña Ana County and the following as Defendants: (i) Fernando Macias, County Manager; (ii) Nelson Goodin, County Attorney; (iii) Leticia Duarte Benavidez, County Assessor; (iv) Amanda Lopez, County Clerk; (v) Geraldo Pereira, Document Specialist; (vi) Lynn Ellis, County Commissioner; (vii) Diana Morello, County Commissioner; (viii) Shannon Reynolds, County Commissioner; (ix) Susanna Chaparral, County Commissioner; (x) Manual Sanchez, County Commissioner; and (xi) Andy Segovia, County Assessor. *See* Amended Complaint at 1-2, 41.

The Court dismisses Plaintiffs' claims pursuant to 42 U.S.C. § 1983 against County Defendants Benavidez, Ellis, Morello, Reynolds and Sanchez for failure to state a claim because there are no factual allegations regarding County Defendants Benavidez, Pereira, Ellis, Morello, Reynolds and Sanchez. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's

4

action harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated").

Regarding County Defendants Fernando Macias, Nelson Goodin and Amanda Lopez,

Plaintiffs allege:

> Mr. George Mendoza was victim of retaliation by the defendants (Mr. Fernando
> Macias, Nelson Goodin and Amanda Lopez) Dona Ana County
> ....
> George Mendoza and Ron Rowlett informed this material fact [that Mr. Mendoza
> is the only child of his late mother, Lucinda Marion Huber] ... about the TODD
> [Transfer on Death Deed] to the defendants (Mr. Macias ... and Nelson Goodin ...).
> These two defendants did absolutely nothing to protect Mr. Mendoza or act to stop
> the illegal deeds put on his home and property and they all allowed the house to be
> sold to a bunch of criminals. Mr. Mendoza's property rights were violated by the
> defendants who did not honor the Transfer [on] Death Deed (TODD).
> ....
> The County Clerk, Amanda Lopez and County Manager, Fernando Macias,
> maintain that they accept "all deeds" as required by NM state statu[t]e ... It was
> already made known that there are ILLEGAL deeds on the property of 1830
> Baldwin Drive ... and all County officials refused to do anything to stop it or correct
> the problem ... There is NO policy or anything that the County of Dona Ana does
> to protect the citizens from real estate fraud or deed theft.
> ....
> Dona Ana County (Mr. Fernando Macias, Nelson Goodin and Amanda Lopez) ...
> refused to indict and arrest Randy and Cindy Farmer...
> ....
> Dona [Ana] County government officials (Fernando Macias, Amanda Lopez,
> Nelson Goodin ... under their OFFICIAL CAPACITY and under COLOR OF
> LAW, were well aware of what was happening to the property of George Mendoza
> and refused to do anything about it!

Amended Complaint at 20, 34, 39, 49-50.

Plaintiffs allege that Defendant Geraldo Pereira,[1] County Document Specialist, stated that

the "2017 deed was ILLEGAL" and "NO deed should have been filed AFTER [Plaintiff

Mendoza's] probate deed of March 26, 2015." Amended Complaint at 40. Plaintiffs assert that

---

[1] Plaintiffs spell Defendant's last name as "Pereira" in the caption of the Amended Complaint and
spell it as "Perrera" on page 40 of the Amended Complaint.

"Mr. Geraldo Perrera violated Mr. Mendoza's property rights when he refused to report the illegal deed to the County Manager or his supervisory [sic] which is a violation of the Dona Ana County Employee Fraud Policy section 2-11." Amended Complaint at 40.

After Plaintiff Mendoza notified Defendant Andy Segovia, County Assessor, that two quitclaim deeds dated 2014 and 2017 were illegal, Defendant Segovia stated: "I am not going to do anything about it." Amended Complaint at 41.  Plaintiffs allege that Defendant Segovia "failed to report the fraud to his supervisor or the County Manger, [Defendant] Macias as required by the New Mexico Employee Government Handbook section 2-11."   Amended Complaint at 41. Plaintiffs assert that "Mr. Segovia's inaction and refusing to do anything about the fraudulent deeds caused Mr. Mendoza to lose his home equity, his home ownership and later the supercedeas bond." Amended Complaint at 41.

 The Court dismisses Plaintiffs' civil rights claims brought against Defendants Macias, Goodin, Lopez, Pereira and Segovia pursuant to 42 U.S.C. § 1983 for failure to state a claim because the Amended Complaint does not allege that these Defendants violated a right secured by federal law.  *See Hogan v. Winder*, 762 F.3d 1096, 1112 (10th Cir. 2014) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)) (Under 42 U.S.C. § 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States'"); *Mandy R. ex rel. Mr. and Mrs. R. v. Owens*, 464 F.3d 1139, 1146-47 (10th Cir. 2006) ("To seek redress through § 1983, a plaintiff must assert a violation of a federal right, not merely a violation of federal law") (quoting *Blessing v. Freestone,* 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997)).

Regarding Defendant Goodin, Plaintiffs also appear to assert a claim for deprivation of property without due process of law when they allege:

> The Third Judicial District court committed a grave constitutional error in violating the 5th and 14th Amendments to the U.S. Constitution and New Mexico Statu[t]e

section 40-13-1 through 5 by depriving Mr. Mendoza of his property without due process when he was illegally vacated under court order on or around June 29, 2012, by then Judge Nelson Goodin.

Amended Complaint at 6. The Court dismisses this claim against then-Judge Nelson Goodin because "state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)); *see also Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").

The Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant Doña Ana County. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The allegations in the Amended Complaint do not show that any Doña Ana County employee committed a constitutional violation.

**Las Cruces Police Department Defendants**

Plaintiffs name the Las Cruces Police Department ("LCPD"), LCPD Chief of Police Patrick Gallagher and LCPD Detective Eric Cook as Defendants. *See* Amended Complaint at 2.

Plaintiffs allege that "[t]he Las Cruces Police Department (LCPD) committed a grave constitutional error in violating the 8th Amendment to the U.S. Constitution by depriving [Plaintiff] Mendoza, under no fault of his own, to be homeless until a court hearing was scheduled

7

on or around September 6th of 2021 when the Court allow[ed] Mr. Mendoza back into his home."
Amended Complaint at 6.  Plaintiffs also allege that the "Las Cruces Police Department refused to
arrest" certain individuals.  Amended Complaint at 17.

The Court dismisses Plaintiffs' civil rights claims brought against the Las Cruces Police
Department because the Las Cruces Police Department is not a suable entity. *See Hinton v. Dennis*,
362 Fed.Appx. 904, 907 (10th Cir. 2010) ("Generally, governmental sub-units are not separate
suable entities that may be sued under § 1983") (*citing Martinez v. Winner*, 771 F.2d 424, 444
(10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and
dismissing complaint as to the City of Denver Police Department because it is not a separate suable
entity).

The only factual allegations regarding Defendant LCPD Detective Eric Cook state
"Detective Cook decided NOT to bring any evidence to the GRAND JURY for an INDICTMENT
and did not want to obtain an ARREST WARRANT ... [his] inaction caused STATE CREATED
DANGER allowing [Defendants] Farmers to 'walk free' and commit another deed theft on 2020,"
Defendant Cook "ignor[ed] federal laws and state laws" and "Detective Erik Cook (LCPD) refused
to indict and arrest [Defendants] Farmer for 2nd degree felonies, set the stage to steal [Defendant]
Mendoza property and supercedeas bond through real estate fraud, deed theft and mortgage fraud."
Amended Complaint at 23, 44, 49.

The Court dismisses Plaintiffs' civil rights claims brought against LCPD Detective Eric
Cook pursuant to 42 U.S.C. § 1983 for failure to state a claim because "criminal statutes do not
provide for private civil causes of action" and Plaintiffs did not state what specific legal right
secured by federal law they believe Defendant Cook violated. *Kelly v. Rockefeller*, 69 Fed.Appx.
414, 415-416 (10th Cir. 2003); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County*

*Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (listing elements needed to state a claim); *Hogan v. Winder*, 762 F.3d 1096, 1112 (10ᵗʰ Cir. 2014) (Under 42 U.S.C. § 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States'") (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

The Court dismisses Plaintiffs' civil rights claims brought against LCPD Chief of Police Patrick Gallagher pursuant to 42 U.S.C. § 1983 because there are no factual allegations regarding Defendant Gallagher in the Amended Complaint. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (listing elements needed to state a claim).

**Doña Ana Title Company Defendants**

Plaintiffs name Doña Ana Title Company, its President Shawna Blount, and its Vice President Sylvia Lauer as Defendants. *See* Amended Complaint at 2.

Plaintiffs allege that Defendant Doña Ana Title Company "returned a $100,000 check from the Farmers when it discovered it was fraudulent," Bank of America was "inform[ed] ... of the fact that Dona Ana Title Company (with Pickett and the Farmer's) was going to commit mortgage fraud in the form of aiding and abetting by stealing Mendoza's property," there were "multiple complaints [regarding illegal deeds] to ... Dona Ana Title Company," a "check was rejected by the Dona Ana Title Company," and Doña Ana Title Company "stole" the home equity of Plaintiff Mendoza's home. Amended Complaint at 21, 29, 30, 32, 47. Plaintiffs allege that Defendant Blount "deliberately allowed the sale of 1830 Baldwin Drive with a known illegal deed from Randy and Cindy Farmer." Amended Complaint at 42. The only factual allegation regarding Defendant Lauer states that she is "Vice President of Dona Ana Title Company." Amended Complaint at 42

The Court dismisses Plaintiffs' claims pursuant to 42 U.S.C. § 1983 against Defendants Doña Ana Title Company, its President Shawna Blount, and its Vice President Sylvia Lauer for failure to state a claim.  Section 1983 only authorizes suits against persons acting under color of state law that deprive a person of a right secured by federal law.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").  There are no allegations in the Amended Complaint indicating that Defendants Doña Ana Title Company, Shawna Blount, and Sylvia Lauer are state actors or that they deprived Plaintiffs of a right secured by federal law.

**Defendants Randy Farmer, Cindy Farmer and Mark L. Pickett**

Plaintiffs allege Randy Farmer and Cindy Farmer "plac[ed] these deeds on Mr. Mendoza's property with the attempt to steal his equity," "blatantly committed Fraud, Forgery, Mortgage fraud and Larceny," "were not entitled to any settlements or the supercedeas bond," "NEVER owned the property," "maliciously placed [illegal deeds] on George Mendoza's property," and "deposited a $100,000 dollar [sic] check in escrow at the Dona Ana Title Company in an attempt to steal Mr. Mendoza's home and property."  Amended Complaint at 5, 9-10, 19-20, 22-23, 32.

Plaintiffs allege that Mark L. Pickett "of the PICKETT LAW FIRM ... threatened to evict me from my own family home, if I did not pay him $80,000, as he represents Randy Farmer," "was stealing the property," "knew the deeds were illegal; he made a statement in an email stating the deed was illegal and going to remove Mr. Mendoza from his home as well as motion to release the Supercedeas bond to Randy Farmer. This was clearly a threat by Mark Pickett as well as intimidation as well as retaliation for Mr. Mendoza reporting Mark Pickett to the New Mexico state bar association and other government entities for unethical behavior," sent "Threatening

emails," and "extorted [Defendants] Mendoza and Rowlett [and] got the rest of the proceeds from the Bank of America."  Amended Complaint at 12, 18-19, 21, 31.

The Court dismisses Plaintiffs' claims pursuant to 42 U.S.C. § 1983 against Defendants Randy Farmer, Cindy Farmer and Mark L. Pickett for failure to state a claim because there are no allegations in the Amended Complaint showing that Defendants Randy Farmer, Cindy Farmer and Mark L. Pickett were acting under color of state law or that they deprived Plaintiffs of a right secured by federal law.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

**Bank of America Defendants**

Plaintiffs name Bank of America ("BOA"), BOA CEO Brian Moynihan and BOA Resolution Specialist Executive Domini[que] Sullivan as Defendants.  *See* Amended Complaint at 3.

> Plaintiffs allege:
>
> A letter was written to Brian Moynihan, CEO on July of 2020 informing the Bank of America of the fact that Dona Ana Title Company (with Pickett and the Farmers) was going to commit mortgage fraud in the form of aiding and abetting by stealing Mendoza's property and for the creditor to NOT approve the loan and NOT accept any funds to purchase the property since this will be an illegal transaction.  This was completely ignored and the loan went through anyway ... Bank of America committed real estate, mortgage fraud and bank fraud and by intentionally allowing criminals to steal a blind man's home ... Bank of America NEVER contacted Mr. Mendoza to get his approval or permission to sell the home ... Mr. Mendoza would like to encourage the Bank of America to investigate who received the proceeds.

Amended Complaint at 29-30.

The Court dismisses Plaintiffs' civil rights claims brought against Defendants Bank of America, Brian Moynihan and Dominique Sullivan pursuant to 42 U.S.C. § 1983 for failure to state a claim because Plaintiffs have not alleged facts showing Defendants Bank of America, Brian Moynihan and Dominique Sullivan are state actors or that they deprived Plaintiffs of any rights secured by federal law.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

Defendants Bank of America, Brian Moynihan and Dominique Sullivan filed a Motion to Dismiss Plaintiffs' Amended Complaint for failure to state a claim. *See* Doc. 15, filed January 11, 2022. The Bank of America Defendants assert that "Plaintiffs bring one cause of action for 'mortgage fraud'" against them and that the Amended Complaint fails to plead sufficient facts to state a claim under New Mexico law. Because it is dismissing this case and declines to exercise jurisdiction over state-law claims, the Court denies Defendants Bank of America, Brian Moynihan and Dominique Sullivan's Motion to Dismiss Plaintiffs' Amended Complaint as moot.

**Defendant State-Court Judges**

Defendants Manuel Arietta and James Martin state-court judges for the Third Judicial District Court in Las Cruces. *See* Amended Complaint at 1.

The original Complaint asserted claims against the two state-court judges and sought monetary damages. Judge Fouratt notified Plaintiffs that "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." Doc. 11 at 3, filed December 10, 2021.

Plaintiffs now state:

The Plaintiffs are NOT suing the judges for monetary damages ... The two judges that are listed as defendants are under "official capacity". This means that the government entity is being sued ...The judges are named as defendants, however, the defendants (Judge Arrieta and Judge Martin) are NOT personally or financially responsible for any compensatory damages. The judges are listed due to the fact that they deprived George Mendoza of his property rights ... right to a hearing and failed to protect any [of] his rights due to retaliation ... It is necessary to name the judges (Arrieta and Martin) in the complaint because they are both instrumental in filing in the events and timeline of all the events that took place during the litigation in state court.

Amended Complaint at 22.

12

The Court dismisses Plaintiffs' civil rights claims brought against Defendants Arrieta and Martin pursuant to 42 U.S.C. § 1983 for failure to state a claim because Plaintiffs state they are not suing Defendants Arrieta and Martin for monetary damages and have only listed Defendants Arrieta and Martin because they are suing "the governmental entity."

To the extent Plaintiffs are asserting a Section 1983 claim against the Third Judicial District Court for the State of New Mexico, or against the State of New Mexico, the Court dismisses those claims because the Third Judicial District Court and the State of New Mexico are immune from suits pursuant to 42 U.S.C. § 1983. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiffs do not allege that the State of New Mexico waived its Eleventh Amendment immunity in this case. Furthermore, the Third Judicial District Court is an arm of the State of New Mexico. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006).

**Defendant District Attorney**

Defendant Mark D'Antonio was District Attorney for Doña Ana County. *See* Amended Complaint at 2. Plaintiffs allege:

> Regarding the District Attorney, Mark DeAntonio [sic], he did not prosecute Randy and Cindy Farmer for deed theft and mortgage fraud even though this is a 2nd degree felony. For some unexplained reason ... Mark DeAntonio [sic]... decided NOT to bring any evidence to the GRAND JURY for an INDICTMENT and did not want to obtain an ARREST WARRANT. Their inaction caused STATE CREATED DANGER by allowing the Farmers to "walk free" and commit another deed theft ... [Mark D'Antonio] is no longer employed with Dona Ana County. However, he has to remain as defendant simply because it has to be made clear and be made known why Randy and Cindy Farmer were NEVER arrested or PROSECUTED for deed theft and mortgage fraud.

Amended Complaint at 23.

The Court dismisses Plaintiffs' civil rights claims brought against Mark D'Antonio pursuant to 42 U.S.C. § 1983 for failure to state a claim because: (i) "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case," *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007); (ii) "criminal statutes do not provide for private civil causes of action," *see Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); and (iii) Plaintiffs fail to state what specific legal right secured by federal law they believe Defendant D'Antonio violated, *see Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (listing elements needed to state a claim).

**Claims Pursuant to State Law**

The only federal-law claims in the Amended Complaint are asserted pursuant to 42 U.S.C. § 1983 and, perhaps, to unspecified federal criminal statutes. The Court, having dismissed all of Plaintiffs' claims pursuant to federal law, declines to exercise jurisdiction over Plaintiffs' state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to

exercise supplemental jurisdiction over a claim ... if ...the district court has dismissed all claims

over which it has original jurisdiction").

**Plaintiff Mendoza's Second Motion to Appointment Counsel**

Plaintiff Mendoza asks the Court to appoint counsel to him because he is "legally blind,

disabled, and elderly and suffer[s] from PTDS." Second Motion to Appoint Counsel at 1.  Plaintiff

previously filed a motion for the appointment on the same grounds.  *See* Doc. 3, filed December

3, 2021 ("First Motion to Appoint Counsel").   Judge Fouratt denied Plaintiff Mendoza's First

Motion to Appoint Counsel stating:

> "[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483
> Fed.Appx. 458, 462 (10th Cir. 2012) ... The decision to appoint counsel is left to
> the "extremely broad" discretion of the district court. *Castner v. Colo. Springs
> Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to
> "*request* an attorney to represent a litigant who is proceeding in forma pauperis,"
> *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the
> Court cannot *require* an unwilling attorney to represent an indigent litigant in a civil
> case, *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 296 (1989).
> Congress has not provided any mechanism, process, or funds to pay appointed
> counsel. *See* 28 U.S.C. § 1915(e)(1).  Thus, the Court not only considers the
> benefits of having a represented plaintiff, but also must consider the hardship
> imposed on an attorney who is appointed to serve without remuneration or
> compensation, as well as without assurance that he or she would have funds
> available to assist in the investigation of claims, conduct formal discovery, retain
> experts, pay witness fees, or otherwise defray the costs of litigation ... Furthermore,
> Plaintiff has not cited, and the Court has not found, any legal authority which would
> allow the Court to appoint counsel in this case.  The Court refers Plaintiff to the
> District of New Mexico's Guide for Pro Se Litigants (November 2019) which, on
> page 6, lists resources for legal representation.

Doc. 11 at 5-6, filed December 10, 2021.  The Court denies Plaintiff Mendoza's Second Motion to

Appoint Counsel for the same reasons.

IT IS ORDERED that:

(i)     The federal-law claims are DISMISSED without prejudice.  The Court declines to exercise jurisdiction over the state-law claims.

(ii)    Plaintiff George Mendoza's Motion for Appointment of Coun[sel], Doc. 16, filed January 12, 2022, is DENIED.

(iii)   This case is DISMISSED without prejudice.

(iv)    Defendants Bank of America, Brian Moynihan and Dominique Sullivan's Motion to Dismiss Plaintiffs' Amended Complaint, Doc. 15, filed January 11, 2022, is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE